ROAD IMPROVEMENT DISTRICT NO. 1 *v.* GLOVER.

Opinion delivered June 22, 1908.

APPEAL—ADVANCEMENT OF CAUSE ON ACCOUNT OF PUBLIC INTEREST.—A suit to test the constitutionality of the road improvement act of March 4, 1907, will not be advanced as involving the public interest if there is no showing that any person has an interest in the settlement of the questions involved therein, except those affected by the particular district involved, which is a small local district.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; motion to advance denied.

*J. C. Marshall,* for appellant.

*Ratcliffe, Fletcher & Ratcliffe,* for appellee.

PER CURIAM. E. D. Glover filed a complaint in the Pulaski Chancery Court, attacking the validity of proceedings under the road improvement act passed by the General Assembly of 1907, and also attacking the constitutionality of said act. The court found that the proceedings were void, and disposed of the case upon that ground, but did not determine the constitutionality of the act, as the decision of that question was not called for by the facts of the case. See *Road Imp. Dist. No. 1* v. *Glover, ante* p. 231.

After the affirmance of the decree of the Pulaski Chancery Court, the board of improvement proceeded to act under their

organization in conformity to the principles announced by the court in said decision, and were again met by an injunction suit by Glover, in this instance attacking only the constitutionality of the act. That complaint was met by a demurrer, which was sustained, and the case is again brought here on appeal, and a motion is filed to advance the cause on the docket as a matter of public interest.

Mr. Elliott says: "It is quite clear that the court may rightfully advance the hearing of a case when 'good cause is shown,' but it is not so clear what constitutes good cause. Every case advanced displaces others. The advancement of an appeal is a preference of one case above others. Naturally and justly, litigants have a right to a disposal of their cases in the order of their filing. It can seldom be justly said that one case involving strictly private interests should be advanced over others involving like interests. * * * Generally, however, it is only cases involving important public interests that are entitled to advancement. The Supreme Court of the United States enforces this doctrine with strictness." Elliott on 'Appellate Procedure, § 463.

The above statement of the law is the correct rule for appellate courts to apply, and has generally been the rule governing this court. But, owing to the fact that the business of the court accumulated so that it was about three years before cases were disposed of in their regular turn, the court, from the necessities of the situation, advanced many cases which did not strictly fall within the above rule. There have been a great many applications to the court for the advancement of cases, most of which have been granted, and the result has been that the regular order of procedure has been much displaced by the consideration given by the court to these advanced cases. The condition of the business of the court does not now call for the relaxation of the proper rule on the subject. In the ordinary routine of business, a case is disposed of within six months of its filing here, the court for the past two years having issued and disposed of two dockets per year.

There is no showing here that any person, except those affected by this particular district, which is a small local district, has any interest in the settlement of the questions involved here-

in.  In one sense, an attack upon any act of the General Assembly is an important public question, as the whole State may be interested in the act.  But where there is a showing of interest only by a small community affected like the one here, the case does not fall within the principles governing the advancement of causes, and it would be unjust to litigants who now have their cases here for submission to displace their cases in order that this case may be heard out of its regular turn.  The motion is therefore denied.